## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE: ) | Case No. BK 18-41831-SKH |
| ) | Chapter 7 Proceeding |
| Odessa Ostia Roehrs, ) | |
| ) | |
| Debtor. ) | |

### RESISTANCE TO TRUSTEE'S OBJECTION TO EXEMPTION CLAIM

COMES NOW the Debtor, Odessa Ostia Roehrs, and resists the trustee's objection to her exemption claim which the trustee filed in the above captioned case on February 28, 2019 (Fil. #24). In support of this resistance, the Debtor states as follows:

1. The Debtor filed for relief under Chapter 7 of the bankruptcy Code on November 8, 2018.

2. On February 21, 2019, the Debtor filed an amended Schedule C (Fil. #19).

3. In this amended Schedule C, Debtor claimed that the exemption Neb. Rev. Stat. §25-1563.01 applied to a 401k account which will be transferred to her from her ex-spouse at some point in the future. This property is described in Schedule A as "401(k): 401k of Gerald Roehrs - divorce property settlement held by Mr. Roehrs. Mr. Roehrs has refused to transfer the account to the debtor – so this claim may be more in the nature of an account payable."

4. The Debtor asserts that *In re Lerbakken*, 590 B.R. 895 (B.A.P. 8th Cir. 2018) concerns the exemption 11 U.S.C. § 522(d)(12) and is not binding authority concerning Neb. Rev. Stat. § 25-1563.01.

5. Neb. Rev. Stat. § 25-1563.01 states as follows:

>Stock, pension, or similar plan or contract; exempt from certain process; when.
>In bankruptcy and in the collection of a money judgment, the following benefits shall be exempt from attachment, garnishment, or other legal or equitable process and from all claims of creditors: To the extent reasonably necessary for the support of the debtor and any dependent of the debtor, an interest held under a stock bonus, pension, profit-sharing, or similar plan or contract payable on account of illness, disability, death, age, or length of service unless:
>>(1) Within two years prior to bankruptcy or to entry against the individual of a money judgment which thereafter becomes final, such plan or contract was established or was amended to increase contributions by or under the auspices of the individual or of an insider that employed the individual at the time the individual's rights under such plan or contract arose; or
>>(2) Such plan or contract does not qualify under section 401(a), 403(a), 403(b), 408, or 408A of the Internal Revenue Code.
>
>For purposes of this section, unless the context otherwise requires, insider shall have the meaning provided in 11 U.S.C. 101.

6. 11 U.S.C. § 522 states in relevant part:

   >(d) The following property may be exempted under subsection (b)(2) of this section: …
   >(12) Retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986.

7. The Debtor offers the following analysis and moves the court to approve the claimed exemption:

Exemption statutes are liberally construed in favor of the debtor. *In re Rosen*, 318 B.R. 166, 169 (2004). "Pursuant to Federal Rule of Bankruptcy Procedure 4003(c), the objecting party bears the burden of proving that the exemption is not properly claimed. When the movant produces evidence rebutting the prima facie validity of the exemption, the burden shifts to the debtor to demonstrate his entitlement to the exemption." *Id*. at 169.

### QUALIFYING INTEREST IN RETIREMENT FUNDS

The Court can and should interpret Neb. Rev. Stat. § 25-1563.01 independent of the Eighth Circuit's interpretation of 11 U.S.C. § 522(d)(12) because these are two separate and distinct laws. *In re Rosen*, 318 B.R. 166, 170 (2004). The Nebraska legislature rejected the federal exemptions found in 11 U.S.C. § 522(d) when it enacted Neb. Rev. Stat. § 25-15,105 in 1980. The Bankruptcy Court for the District of Nebraska addressed this issue directly as follows:

> In Rousey, the Bankruptcy Appellate Panel for the Eighth Circuit found that a particular IRA was not exempt under the federal bankruptcy exemption statute, 11 U.S.C. § 522(d)(10)(E). In Novak v. Novak, both at the Nebraska Court of Appeals level and at the Nebraska Supreme Court level, the state appellate courts have determined that IRAs are exempt under the Nebraska statute, Section 25-1563.01. The interpretation of state law, whether in a civil or criminal case, by a state's highest court binds federal courts, including the bankruptcy court. *Estate of Thornton v. Caldor, Inc.,* 472 U.S. 703, 709 n. 8, 105 S.Ct. 2914, 86 L.Ed.2d 557 (1985); *Wainwright v. Goode,* 464 U.S. 78, 84, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983); *Tyndall v. Gunter,* 840 F.2d 617, 618 (8th Cir.1988); *Davis v. Bennett,* 400 F.2d 279 (8th Cir.1968); *Home Oil Co., Inc. v. Sam's East, Inc.,* 252 F.Supp.2d 1302, 1315 (M.D.Ala.2003).

*In re Bashara* 293 B.R. 216, 219 (Bkrtcy.D.Neb. 2003). The Court in Bashara determined that the IRA at issue was exempt under Neb. Rev. Stat. § 25-1563.01.

Neb. Rev. Stat. § 25-1563.01 should be interpreted according to the plain language of the statute. The relevant portion concerning exempt funds states that the exemption applies to "an interest held under a stock bonus, pension, profit-sharing, or similar plan or contract payable on account of illness, disability, death, age, or length of service." The opinion in *Lerbakken* focused on the definition of "retirement funds," a phrase which is notably missing from under Neb. Rev. Stat. § 25-1563.01. *In re Lerbakken*, 590 B.R. 895 (B.A.P. 8th Cir. 2018). The analysis in *Lerbakken* is relevant to the extent that the

definition of "retirement funds" determined the limit of the exemption and Neb. Rev. Stat. § 25-1563.01 is similarly limited to "an interest held under a stock bonus, pension, profit-sharing, or similar plan or contract payable on account of illness, disability, death, age, or length of service." For purposes of simplicity, this resistance will refer to the Nebraska limitation as "a qualifying interest."

In *Lerbakken*, the Eighth Circuit relied on *Clark v. Rameker* to guide their definition of "retirement funds." *In re Lerbakken*, 590 B.R. 895 (B.A.P. 8th Cir. 2018). The Eighth Circuit stated that "the opinion [in *Clark v. Rameker*] clearly suggests that the exemption is limited to individuals who create and contribute funds into the retirement account." *Id*. This conclusion contradicts the fact that the court in *Clark v. Rameker* engaged in a full legal analysis of whether or not the inherited IRA was included in the definition of retirement funds. *Clark v. Rameker*, 134 S.Ct. 2242 (2014). If the exemption were limited to individuals who created and contributed funds into the retirement account, the analysis in *Clark* would have ended after one question, "Is the individual claiming the exemption the individual who contributed the funds to the account?" Instead, the Court in *Clark* engaged in an analysis of "the legal characteristics of the account in which the funds are held, asking whether, as an objective matter, the account is one set aside for the day when an individual stops working." *Id*. The Court in *Clark* defined retirement funds as "sums of money set aside for the day an individual stops working." This definition could have and importantly does not contain language which limits it to sums set aside by an individual for the day that individual stops working.

Ultimately, the Court in *Clark* determined that inherited IRAs do not meet the definition of "retirement funds" focusing its analysis on three legal characteristics:

1.) The holder of an inherited IRA may never invest additional money in the account.

2.) Holders of inherited IRAs are required to withdraw money from such accounts, no matter how many years they may be from retirement.

3.) The holder of an inherited IRA may withdraw the entire balance of the account at any time—and for any purpose—without penalty.

*Clark v. Rameker*, 134 S.Ct. 2242 (2014). These three legal characteristics are not true for a 401k that is transferred to a former spouse in accordance with a divorce decree. This Court should analyze the legal characteristics of the account following the transfer per the divorce decree to determine if, objectively, the account is "an interest held under a stock bonus, pension, profit-sharing, or similar plan or contract payable on account of illness, disability, death, age, or length of service." Neb. Rev. Stat. § 25-1563.01. If so, then the money in the account is a qualifying interest according to the exemption found in Neb. Rev. Stat. § 25-1563.01.

A 401k transferred as part of a divorce is subject to different rules than an inherited IRA. Inherited IRAs are governed by 26 U.S. Code § 408(d)(3)(C) which explicitly denies rollover treatment for inherited accounts. Funds transferred as part of a divorce are governed by 26 U.S. Code § 408(d)(6) which states:

> The transfer of an individual's interest in an individual retirement account[1] or an individual retirement annuity to his spouse or former spouse under a divorce or separation instrument described in subparagraph (A) of section 71(b)(2) is not to be considered a taxable transfer made by such individual notwithstanding any other provision of this subtitle, and such interest at the time of the transfer is to be treated as an individual retirement account of such spouse, and not of such individual. Thereafter such account or annuity for purposes of this subtitle is to be treated as maintained for the benefit of such spouse.

The treatment of an IRA transferred by divorce differs significantly from the treatment of an IRA transferred by inheritance. The IRA transferred by divorce is treated as the IRA of the receiving spouse following the transfer. 26 U.S. Code § 408(d)(6). In contrast, an IRA transferred by inheritance is subject to minimum distribution requirements which depend on the date of death for the individual who contributed the funds. 26 CFR § 1.401(a)(9)-3 also issued under 26 U.S.C. 401(a)(9).

Furthermore, these three important legal characteristics of retirement funds transferred as part of a divorce are nearly the opposite of the legal characteristics of an inherited IRA which the Court in *Clark v. Rameker* relied upon to determine that inherited IRAs do not meet the definition of retirement funds:

> 1.) The holder of retirement funds transferred as part of a divorce may contribute additional funds to their traditional IRA or Roth IRA because following the transfer, the funds are fully owned by the transferee. 26 U.S. Code § 408(d)(6).
>
> 2.) Funds in a traditional IRA are subject to mandatory withdrawal beginning when the holder reaches age 70 ½. 26 CFR § 1.401(a)(9)-5 issued under 26 U.S.C. 401(a)(9). Funds held in a Roth IRA are not subject to any mandatory withdrawal.

---

[1] The term "individual retirement account" includes a 401k created by an employer. 26 U.S. Code § 408(c).

The mandatory withdrawal for a traditional IRA transferred as part of a divorce depends entirely on the holder reaching retirement age unlike an inherited IRA which is subject to mandatory withdrawal based on the timing of the contributor's death. 26 CFR § 1.401(a)(9)-3 also issued under 26 U.S.C. 401(a)(9).

3.) The funds transferred as part of a divorce must remain in the IRA or Roth IRA account until the holder is 59 ½ or else the holder will pay a 10% penalty on all withdrawn funds.

For the reasons stated above, the current case is distinguishable from the facts and resulting decision in *Clark v. Rameker*. Applying the logic from *Clark*, a 401k transferred as part of a divorce is an account with legal characteristics which constitute a qualifying interest subject to the exemption found in Neb. Rev. Stat. 25-1563.01.

## REASONABLY NECESSARY

These funds are reasonably necessary for the support of the Debtor and the dependents of the Debtor. The Debtor will offer affidavit evidence on this issue if requested. The trustee did not raise the "reasonably necessary" issue and, therefore, the question is not at issue. *In re Bashara* at 219.

The Debtor seeks an order approving her claim that the property described in Schedule A as "401(k): 401k of Gerald Roehrs - divorce property settlement held by Mr. Roehrs. Mr. Roehrs has refused to transfer the account to the debtor – so this claim may be more in the nature of an account payable" is exempt according to Neb. Rev. Stat. § 25-1563.01.

DATED this 20th day of March, 2019.

        Odessa Ostia Roehrs, Debtor

By:    KNUDSEN, BERKHEIMER,
          RICHARDSON & ENDACOTT, LLP
          3800 VerMaas Place, Suite 200
          Lincoln, Nebraska 68502
          (402) 475-7011
          cbahramzad@knudsenlaw.com

By:    /S/ Carly Bahramzad - #26004
        One of Said Attorneys

## PROOF OF SERVICE

I hereby certify that on March 20, 2019, I electronically filed the foregoing **Resistance to Trustee's Objection to Exemption Claim** with the Clerk of the United States Bankruptcy Court for the District of Nebraska using the CM/ECF system which sent notification of such filing to the following CM/ECF participants: Jerry Jensen, James Overcash, Chapter 7 Trustee, and to all others requesting electric notice under the Court's CM/ECF system; furthermore, I hereby certify that I will mail said document by First Class U.S. Mail within one business day of filing to the individuals listed on the creditor matrix, attached hereto, except for those who receive electronic notice of the filing.

        /S/ Carly Bahramzad - #26004